The Village of St. Bernard v. Reig & Marty, Partners, & Co.

and agree to a lawful ordinance, but says that none has ever been presented to it. It also avers that the city authorities have never been able to agree among themselves as to the mode of use of the streets, etc., of the city by said company; that so far as the mode of use is concerned, said company always has agreed and now agrees with the city. It also avers that the city authorities are now formulating an agreement. And we find from the evidence that this is true, and that the company is not in default.

Again, it is shown that during the period covered by the contract the city used and still uses a large number of the company's poles for its police and fire department wires, and that it has in use, free of charge, for rental or service, about eighty of the company's instruments.

Is the city in a position, under such a showing, to demand that the company shall be ousted from the use and occupancy of the streets and that it shall remove its plant, representing an enormous investment and thus deprive the public of the advantage of telephone service, merely because the company declines to assent to an illegal condition,

Certainly no relief should be granted until it is made to appear that no agreement can be made, and that the company after such failure to agree, delays unreasonably to apply to the probate court to fix the mode of use as prescribed by law.

Writ refused and petition dismissed.

*E. P. Mathews*, City Solicitor, and *Charles Kumler*, Prosecuting Attorney, for the city.

*L. G. Richardson*, General Solicitor, Chicago, and *Gilbert H. Stewart*, Columbus, for the Telephone Company.

---

## CONTRACT—DAMAGES.

[Hamilton Circuit Court, January Term, 1897.]

Smith, Swing and Cox, JJ.

THE VILLAGE OF ST. BERNARD v. REIG & MARTY, PARTNERS, & CO.

CONTRACT FOR PERSONAL SERVICES.

> In the case of a contract for personal services, and a wrongful discharge before the work contracted for is completed, or where the person is wrongfully prevented from doing any work under the contract, he is entitled to recover damages for a breach of the contract; but he is not allowed to remain idle for the whole or the residue of the time and recover the contract price. If he can get like employment he should do so, and if he receives a sum equal or greater than that contracted for in the first instance, he sustains no damages.

ERROR to the Court of Common Pleas of Hamilton county.

SMITH, J.

We incline to the opinion that the court of common pleas erred on the trial of this case, in refusing to receive parol evidence offered by the defendant as to what the contract really was. There was no allegation in the pleadings or proof offered by plaintiff that the contract was in writing. It tended to show that a proposition was made to the council by plaintiff to superintend the erection of the building for four per cent. of the cost thereof, but it does not appear that this was in writing. It was accepted by the council by a resolution duly passed, but if it was

verbal, this would not prevent the defendant from showing what it was. But we think the court clearly erred in refusing to allow the defendant to show that the plaintiff suffered no injury by the alleged breach of the contract on the part of village.  The contract claimed was for the personal services of the plaintiff in superintending the erection of the town hall; and the breach claimed was the refusal of the village to allow them to do so.  The defendant then offered to prove that the superintendence of the building would have required the whole time of the plaintiff for six months, and that during the time required for the erection of the building the plaintiffs were not idle, but were employed in like services for others at a much greater compensation than they would have received if defendants had allowed them to do this work. This was rejected, and, we think, wrongfully.  The action was to recover damages sustained for the breach of the agreement, not for work actually performed.  They could properly recover only their actual loss, and it was not necessarily what they would have received if they had performed the service.  In the case of a contract for personal services, and a wrongful discharge before the work contracted for is completed, or where the person is wrongfully prevented from doing any work under the contract, he is not allowed to remain idle for the whole or the residue of the time and recover the contract price.  If he can get like employment he should do so, and if he receives a sum equal or greater than that contracted for in the first instance, how is he damaged?  See a full discussion of this subject in the decision of the case of *James* v. *Allen County*, 44 O. S., 226.

The court also erred in directing the jury to return a verdict for $571.11, and in refusing to grant a new trial.  The judgment will be reversed, and the cause remanded to the common pleas for a new trial.